IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 13-CR-30224-MJR |
| vs. | ) | |
| | ) | |
| TIMOTHY S. GRIESEMER, | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANT FROM INTRODUCING
EVIDENCE OF HIS OUT-OF-COURT STATEMENTS

Comes now the United States of America, by and through its attorneys, Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and Ali M. Summers, Assistant United States Attorney, and respectfully requests that this Court enter an order prohibiting the Defendant from questioning witnesses about or introducing or attempting to introduce evidence of the statements the Defendant made to law enforcement after his arrest because such evidence constitutes inadmissible hearsay.

After the Defendant's arrest in this case, he made various statements to agents from the United States Secret Service. The United States does not intend to introduce such statements during its case-in-chief. The Government believes that during the trial, the Defendant may attempt to elicit testimony that the Defendant made a statement to law enforcement and seek to introduce some of his statements through the cross-examination of government witnesses or during his case-in-chief through witnesses other than himself.

The Government respectfully submits that this Court should prohibit the Defendant from questioning witnesses about or introducing or attempting to introduce evidence of the

Defendant's statements to law enforcement because those statements, when offered by the Defendant, constitute inadmissible hearsay. The Federal Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801. In short, hearsay is an out-of-court statement offered for the truth of the matter asserted. Federal Rule of Evidence 802 makes clear that hearsay is not admissible, subject to certain exceptions. Fed. R. Evid. 802.

In this case, the Defendant's intent in asking questions about whether he made a statement to law enforcement agents or seeking to introduce any of those statements would be to show that the statements were true. As such, the statements constitute hearsay and are inadmissible. Any attempt by the Defendant to claim that the statements do not constitute hearsay because they are admissions of a party opponent would lack merit. Federal Rule of Evidence 801(d)(2)(A) does not save from the hearsay rule statements made by the party offering the evidence. Rather, the rule clearly states that it only applies when the statements are "offered *against* an opposing party." Fed. R. Evid. 801(d)(2)(A)(emphasis added).

Likewise, any questioning designed to elicit even the simple fact that the Defendant made a statement to law enforcement would be for the purposes of implying to the jury that such statements were true and would be an attempt to circumvent the rule against hearsay. Such questions regarding the fact that the Defendant made a statement would also invite the jury to speculate as to the substance of what the Defendant said. The jury may be left to speculate that the Defendant denied any allegations made or they may speculate that the Defendant confessed but that such confession was suppressed or inadmissible for some other reason. In short, allowing the Defendant to question witnesses about or introducing the statements he made to law enforcement allows him to place his exculpatory statements before the jury without subjecting

himself to cross-examination, which is precisely what the hearsay rule forbids.

Accordingly, the Government respectfully requests that this Court enter an order prohibiting the Defendant from questioning witnesses about or introducing or attempting to introduce evidence of the statements the Defendant made to law enforcement after his arrest.

Respectfully Submitted,

STEPHEN R. WIGGINTON
United States Attorney

*s/ Ali Summers*
ALI SUMMERS
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208-1344
618.628.3700 (telephone)
618.628.3730 (fax)
Email: Ali.Summers@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 13-CR-30224-MJR |
| vs. | ) | |
| | ) | |
| TIMOTHY S. GRIESEMER , | ) | |
| | ) | |
| Defendant. | ) | |

## Certificate of Service

I hereby certify that on September 2, 2014, I caused to be electronically filed

**GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANT FROM INTRODUCING
EVIDENCE OF HIS OUT-OF-COURT STATEMENTS**

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s)

to the following:

Todd M. Schultz
Federal Public Defender's Office
650 Missouri Avenue
Suite G10A, PO Box 159
East St. Louis, IL  62201

    Respectfully submitted,

    STEPHEN R. WIGGINTON
    United States Attorney

    *s/ Ali Summers*
    ALI SUMMERS
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, Illinois 62208-1344
    618.628.3700 (telephone)
    618.628.3730 (fax)
    Email: Ali.Summers@usdoj.gov